UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re

                                                    Case No.: 12-76045-ast

Alice Phillips Belmonte,                                    Chapter 7

                              Debtor.
----------------------------------------------------------------X
Harold D. Jones, Chapter 7 Trustee,

                              Plaintiff,

                                                Adv. Pro. No.: 14-08129-ast

          v.

Sherri Lynn Dillard-Doss and Grant Parker
and John Does 1-10,

                              Defendants.
----------------------------------------------------------------x

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND GRANTING DEFENDANT EXTENSION OF TIME TO RESPOND TO COMPLAINT

*Factual and Procedural Background*

On October 5, 2012, various petitioning creditors[1] filed an involuntary chapter 7 petition against Debtor[2] pursuant to section 303(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").[3]

---

[1] The petitioning creditors were E. J. Elliott, George Kassianides, John E. Elliott, John E. Elliott Irrevocable Trust, Artemis Mellen Irrevocable Trust, Ted Eidson, Gregory Roper, R & S Fields Limited Partnership, Jefferson Investment LLC and James McCarthy (the "Petitioning Creditors").

[2] At the time the involuntary petition was filed, Debtor was licensed to practice law in New York. The petition sought relief against her for investment-related activities, not for her actions taken as an attorney.

[3] Unless otherwise stated, all statutory references are to the Bankruptcy Code.

On April 25, 2013, the Court entered an order for relief under chapter 7 in the main bankruptcy case. Harold D. Jones was elected and subsequently appointed as the chapter 7 trustee of Debtor's bankruptcy estate (the "Trustee").

On May 1, 2014, the Trustee filed and served a complaint against Sherri Lynn Dillard-Doss ("Ms. Doss"). The adversary proceeding was assigned number 14-08129.

On September 16, 2015, the Trustee filed and served a complaint against Grant Parker ("Mr. Parker") and "John Does 1-10". The adversary proceeding was assigned number 15-08262.

On October 8, 2015, the Court entered an Order that among other things consolidated adversary proceeding number 15-08262 with adversary proceeding number 14-08129, under number 14-08129 (the "Adversary Consolidation Order").

On December 18, 2015, Mr. Parker filed a motion to dismiss all claims against him (the "Motion to Dismiss") under Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules"), as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Trustee filed opposition papers to the Motion to Dismiss and Mr. Parker filed a reply.

On January 7, 2016, the Trustee filed an amended and consolidated complaint (the "Amended Complaint") against Mr. Parker and other co-defendants, reiterating the allegations previously made and asserted in the Trustee's initial complaints against the defendants. [AP 14-08129, dkt item 70]

The Court temporarily stayed discovery pending resolution of the Motion to Dismiss. By Order dated June 6, 2016 and as more fully explained in that Order, the Court denied the Motion to Dismiss as to the Trustee's § 550 claim against Mr. Parker and converted the remaining portion of the Motion to Dismiss into a motion for summary judgment (the "Motion Conversion Order", and

the Motion to Dismiss as converted, the "Converted Motion to Dismiss"). Pursuant to Rule 12(d), the parties were given the opportunity to supplemental their papers.

On December 8, 2016, the Court held a ruling conference with respect to the Converted Motion to Dismiss. For the reasons more fully stated on the record, the Court dismissed the Trustee's fraudulent conveyance claims against Mr. Parker for being time-barred under § 546(a); thus only the § 550 claims remain against Mr. Parker, along with the fraudulent conveyance and § 550 claims against Ms. Doss.

On January 4, 2017, the Court entered an Order consistent with its decision announced at the December 8 ruling conference (the "Dismissal Order"). [AP 14-08129, dkt item 109] The Dismissal Order also provided: (1) that Mr. Parker shall file a responsive pleading to the surviving portions of the Amended Complaint within twenty-one (21) days of the entry of the Dismissal Order (*i.e.*, by January 25, 2017) and (2) that all discovery previously stayed by the Court shall recommence upon entry of the Dismissal Order.

On January 4, 2017, the Court also entered an Adversary Pretrial Scheduling Order which, among other things, scheduled this consolidated adversary proceeding for trial on July 18, 2017, and established a discovery schedule. [AP 14-08129, dkt item 110]

On January 13, 2017, the Trustee filed a notice and motion for leave to appeal the Dismissal Order to the District Court. [AP 14-08129, dkt items 112, 113, 114] That same day, Mr. Parker filed a notice of cross-appeal with respect to this Court's denial of his motion to dismiss the Trustee's § 550 claim. [AP 14-08129, dkt item 115] Mr. Parker also filed an objection to the Trustee's motion for leave to appeal. [AP 14-08129, dkt item 119]

On January 25, 2017, in lieu of an answer, Mr. Parker filed a motion to extend his time to file an answer to the Amended Complaint and to reinstate the stay of discovery pending the

resolution of the appeal (the "Motion to Extend"). [AP 14-08129, dkt item 117]  The Trustee filed an objection to the Motion to Extend.  [AP 14-08129, dkt item 123]

On January 26, 2017, the Trustee filed a motion for default judgment against Mr. Parker for failing to file a responsive pleading, and filed a subsequent brief in further support of default (the "Default Motion").  [AP 14-08129, dkt items 118, 125]  Mr. Parker filed an objection to the Default Motion.

The Motion to Extend and the Default Motion were deemed fully submitted with the Court as of February 10, 2017.

## Discussion

### *Analysis of Default Motion*

The disposition of the Default Motion turns on Rule 55, as incorporated by Bankruptcy Rule 7055, and the sound discretion of the Court, "because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).  This discretion is guided by a "preference for resolving disputes on the merits." *Id.*  "[C]ourts are entitled to enforce compliance with the time limits of the Rules by various means [however], the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981).

Rule 55(a) authorizes the clerk of the court to enter a default upon an affidavit demonstrating a failure to plead or defend an action.  FED R. CIV. P. 55(a).  The Clerk of this Court has not entered a default against Mr. Parker in the adversary proceeding.  While Rule 55(b) allows the clerk of the court to thereafter enter a default judgment upon filing of an affidavit showing the amount due, the Local Bankruptcy Rules for the Eastern District of New York provide that a default judgment may

only be sought by motion on notice to the defaulting party. FED R. CIV. P. 55(b); E.D.N.Y. L.B.R. 7055-1. The undersigned has a specific protocol for considering motions for default judgment by presentment, which is available on its web page.[4]

The Second Circuit has established the following criteria for this Court to look to in relieving a party from a default or default judgment: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp.*, 10 F.3d at 96.

The Court declines to construe Mr. Parker's Motion to Extend as a motion to vacate a default because a default had not been entered by the Clerk of this Court prior to Mr. Parker's filing its Motion to Extend.

The issue then is whether this Court should find that Mr. Parker has willfully failed to answer the Amended Complaint as required by the Dismissal Order, and therefore impose the

---

[4] <u>Motions in Adversary Proceedings to be heard by Submission</u>:

All motions in adversary proceedings shall be by presentment only, except a motion seeking contempt and/or other sanctions for violation of an Order entered under Rule 7037, which shall be by hearing.

**In the Notice of Presentment the movant shall include language stating that any response to any such motion, other than a motion under Rule 7055 or Rule 7056, shall be due fourteen (14) days after the date of filing plus any extension of time pursuant to Bankruptcy Rule 9006 or E.D.N.Y. LBR 9006-1; the response to a motion under either Rule 7055 or Rule 7056 shall be due twenty-one (21) days after the date of filing plus any extension of time pursuant to Bankruptcy Rule 9006 or E.D.N.Y. LBR 9006-1.**

The motion shall be considered ripe for ruling and taken under submission after the response date has passed, unless the Court sets a different response date, requests further briefing, or has previously issued a scheduling order which establishes a different date for response(s).

In the event the Court determines that a hearing is warranted, the Court will notify the parties of the hearing date and time. Prior to filing any other motion in an adversary proceeding, the movant shall contact Judge Trust's Courtroom Deputy, Yvette Mills, following the procedures for scheduling hearings outlined above, to determine if a hearing is required.

http://www.nyeb.uscourts.gov/judge-trusts-procedures#1008

extreme sanction of a default judgment; this Court refuses to do so. First, on the deadline to answer, Mr. Parker filed his Motion to Extend; while that request is now denied by this Court, the filing of that motion will not be construed as a willful failure to answer. Further, Mr. Parker has extensively participated in the adversary proceeding by filing multiple pleadings, participating in mediation, and appearing at pretrial conferences; thus, the Court does not find a willful default. Moreover, the Trustee has not demonstrated prejudice; the claims against Mr. Parker have been on file since October 2015 and this adversary proceeding is on track for a trial on July 18, 2017; a short delay in filing an answer when summary judgment has already been litigated cannot be said to prejudice the Trustee.

Thus, based upon the Second Circuit's stated preference for courts to resolve cases on their merits, the absence of a willful default, and the lack of prejudice to the Trustee, the Court finds and concludes that the Default Motion should be denied.

### *Analysis of Stay Discovery*

Rule 16(b)(1), as incorporated by Bankruptcy Rule 7016, mandates that a federal court issue a pre-trial scheduling to control the proceedings before it. Rule 16(b)(3) provides that a scheduling order "must limit the time to join other parties, amend the pleadings, complete discovery and file motions." FED. R. CIV. P. 16(b)(3). Once the court has issued a scheduling order, Rule 16 requires that the party seeking to modify the pretrial schedule demonstrate "good cause" and obtain the court's consent to the modification. FED. R. CIV. P. 16(b)(4). "Whether good cause exists turns on the diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation marks and citations omitted). The moving party must demonstrate that "the deadline cannot reasonably be met despite the diligence of the party seeking the extension." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). "Moreover, if the moving party has

had a sufficient opportunity to obtain the evidence sought during the discovery period, an extension should not be granted." *Mendlesohn v. Barre (In re Servo Corp. of Am., Inc.)*, Case No. 12-76993, Adv. Pro. No. 14-08048, 2015 Bankr. LEXIS 519, at *8 (Bankr. E.D.N.Y. Feb. 20, 2015); *see also Wingates, LLC. v. Commonwealth Ins. Co. of Am.*, 21 F. Supp. 3d 206, 215 (E.D.N.Y. 2014) (collecting cases).

Here, Mr. Parker has failed to meet his burden of demonstrating "good cause" to modify the Scheduling Order under Rule 16(b)(4) and further stay discovery, pending the outcome of the interlocutory appeal. Mr. Parker has not demonstrated that there is a likelihood that the district court will hear the interlocutory appeal filed by the trustee or his cross appeal, and the mere fact that an interlocutory appeal is pending is not in and of itself cause to stay discovery or trial on the remaining claims. *See e.g., Republic of Columbia v. Diageo North America Inc.*, 619 F. Supp. 2d 7, 13 (E.D.N.Y. 2007) (court declining to stay discovery or any other proceeding notwithstanding a pending interlocutory appeal).

Mr. Parker also has not demonstrated (1) a likelihood of success on appeal, (2) irreparable harm, (3) a stay will not injure the other parties in this case, and (4) a stay is in the public interest. *See Hargroves v. The City of New York*, Case No. 03 CV 1668, 2010 U.S. Dist. LEXIS 94664, at *6 (E.D.N.Y. Sept. 10, 2010) (describing the factors to consider when deciding a motion to stay discovery pending an interlocutory appeal). Mr. Parker argues that the additional time and cost of allowing discovery to proceed is not equitable. That, however, is insufficient to demonstrate irreparable harm to impose a stay. *See, e.g., Hayden v. New York Stock Exch.*, 4 F. Supp. 2d 335, 340 (S.D.N.Y. 1998) ("[A]ny injury arising . . . from the delay and cost of litigation are legally insufficient to establish irreparable harm.").

Further, the Trustee's claims against Mr. Parker and Ms. Doss involve common questions of law or fact, which prompted the Court's consolidation of their respective adversary proceedings under the Adversary Consolidation Order. Throughout the course of this litigation it has been known to the parties that the Trustee's claims against Mr. Parker and Ms. Doss are intertwined, and as noted in the Trustee's opposition to the Motion to Extend, Mr. Parker would be subject to discovery even if only the claims against Ms. Doss went forward. [dkt item 123, at ¶ 9] *See, e.g., V.S. v. Muhammad*, Case No. 07-cv-213, 2009 U.S. Dist. LEXIS 28150, at *4 (E.D.N.Y. April 3, 2009) (denying stay of discovery pending an appeal because the plaintiffs' claims against several of the defendants were so intertwined that information relevant to the claims against one was relevant to the claims against others and thus the moving defendant would be subject to the same discovery burdens regardless of whether moving defendant was dismissed from the case).

Finally, granting a stay of discovery would be contrary to the directives of Bankruptcy Rule 1001 that the Bankruptcy Rules "shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding."

Accordingly, it is hereby

**ORDERED**, that the Trustee's Default Motion is DENIED; and it is further

**ORDERED**, that Mr. Parker is directed to file and serve a responsive pleading to the Amended Complaint by no later than **fourteen (14) days** after entry of this Order; and it is further

8

**ORDERED**, that Mr. Parker's request to stay discovery and/or modify the Adversary Pretrial Scheduling Order is DENIED.



**Dated: February 28, 2017**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**